Carmelo A. Parlato, J.
This is a motion brought by defendant under CPL 170.30 (subd. .1, par. [a]) and CPL 170.35 (subd. 1, par. [c]), for dismissal of the information against her, wherein she is charged with violating section 130.38 of the Penal Law. Defendant’s motion should be granted, on the specific ground that the subject statute, i.e., section 130.38 of the Penal Law and, to the extent therein incorporated by reference, section 130.00, denies equal protection of the law to citizens “not married to each other ”, in violation of the Fourteenth Amendment of the United States Constitution, and section 11 of article I of the New York. State Constitution.
The aforesaid sections read as follows:
“§ 130.38 Consensual sodomy. A person is guilty of consensual sodomy when he engages in deviate sexual intercourse with another person.
“Consensual sodomy is a class B misdemeanor.”
‘1 § 130.00 Sex offense; definition of terms. The following definitions are applicable to this article: * * *
“(2) ‘ Deviate sexual intercourse ’ means sexual conduct between persons not married to each other consisting of contact between the penis and anus, the mouth and penis, or the mouth and the vulva.”
Taken together, said sections provide that two persons are each guilty of a crime if, being not married to each other, they engage in conduct consisting of1 contact, etc.
These sections became effective on September 1, 1967, and represent a significant departure from the prior New York criminal law. What the pre-1967 law prohibited, irrespective of marital status, 1967’s said provisions prohibited only for persons not married to each other, while leaving all persons free to engage in the “ordinary” sexual intercourse defined *891 in subdivision 1 of section 130.00 of the Penal Law. The question is, therefore, not whether the prior law was violative of constitutional rights, or whether a law prohibiting all sexual intercourse between persons not married to each other would be so violative. The question is, rather, whether there is any logical basis on which the status of marriage between the participants should make the difference between right and wrong in the engaging in one mode of sexual intercourse rather than another. This court believes there is no such logical basis, for the simple reason that all the arguments that have ever pertained to the prohibition of “ deviate ” forms of intercourse prohibited by section 130.38 have pertained irrespective of the marital status of the participants. The subject statute would make criminals of some citizens, but not others, on the basis of an unsupportable distinction and would constitutionally wrongfully deny to the former the equal protection of the law.
In effect, then, by the 1967 amendment, the Legislature constitutionally accomplished the permitting of so-called deviate modes of sexual intercourse; but it did not constitutionally accomplish the withholding of such permission from “persons not married to each other”.
It is regrettable that the Legislature apparently relied upon the subject Penal Law section to accomplish a prohibition against sexual intercourse between persons of the same sex, which, it might be observed, this court considers to be a sound and constitutional distinction; but it is one which is simply not made or fairly implied in the subject statute. Similarly, the statute does not concern itself with other arguable distinctions sometimes associated with the prohibition of sexual activities, such as those relating to compulsion or duress, age, public view, prostitution, etc., some of which are the subjects of other Penal Law sections.
As mentioned above, the statute hereby found to be unconstitutional is section 130.38 of the Penal Law and, only to the extent therein incorporated by reference, subdivision 2 of section 130.00. Whether subdivision 2 of section 130.00 has any validity in conjunction with any other sections is problematic, as is the question whether “sexual intercourse” as defined in subdivision 1 of section 130.00, without regard to marital status, can be interpreted to include the acts enumerated in subdivision 2 of section 130.00.
The information against the defendant herein is accordingly dismissed.