Memorandum.
Order is unanimously reversed on the law, motion to dismiss denied, and matter remitted to the court below for appropriate proceedings.
Defendant was charged with consensual sodomy (Penal Law, § 130.38). He contended below that the consensual sodomy statute as defined by subdivision 2 of section 130.00 of the Penal Law was unconstitutional in that it denied him equal protection of the law in that it excepted persons married to each other from prosecution under this section. The lower court agreed with defendant’s contention (80 Misc 2d 511).
It is the opinion of this court that defendant has standing to attack the constitutionality of the statute since under the facts as presented, he had a right to an expectation of privacy (see Smayda v United States, 352 F2d 251). States have always had the right and power to regulate sexual conduct in order to promote the health, safety and morals of their inhabitants, and while the statute in question could have prohibited consensual sodomy in its entirety, it merely included within the definition of "deviate sexual intercourse” the exception which would have been required in any case under the decision in Griswold v Connecticut (381 US 479). Eisenstadt v Baird (405 US 438) does not require any extension of the right to privacy to unmarried couples regarding the issue of sodomy. Eisenstadt merely extended the right of an unmarried person to have contraceptives made available to her based on her fundamental right to decide whether to bear or beget a child. No case has been reported or cited by defendant which would recognize a fundamental right to commit consensual sodomy. The only exception to the New York statute has been mandated by the Griswold decision based on the privacy attached to the marital relationship. Without this requisite base, to wit: marriage, there can be no exception under the rationale of Griswold.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.