OPINION OF THE COURT
Gerard E. Delaney, J.
The defendant is charged, via an indictment filed by the *607 Westchester County Grand Jury, with the crimes of rape in the first degree (Penal Law, § 130.35, subd 3) and incest (Penal Law, § 255.25). Defendant has. moved by omnibus motion for certain relief, inter alia, discovery and inspection and dismissal of the accusatory instrument.
A. MOTION TO DISMISS THE INDICTMENT
Defendant has alleged that the provisions of subdivision 3 of section 130.35 of the Penal Law are unconstitutional within the meaning of CPL 210.25 (subd 3); that therefore the first count of the instant indictment is "defective” and that such motion to dismiss is proper under CPL 210.20 (subd 1, par [a]).
Subdivision 3 of section 130.35 of the Penal Law reads as follows: "§ 130.35 Rape in the First Degree A male is guilty of rape in the first degree when he engages in sexual intercourse with a female * * * 3. Who is less than eleven years old.”
The defendant bases his argument on the constitutional guarantees of "equal protection of the laws” and due process of law under the applicable New York and Federal constitutional provisions. The two-pronged attack states first that: "The statute is gender based * * * [and] the scheme of this law therefore penalizes males because of their sex, while females similarly situated are not affected. It also denies to young male potential victims the protection it affords to young women, all without reasonable cause” (emphasis added).
Counsel for the defendant further asserts that: "The statutory distinction [assumably sex discrimination] in the instant case is based upon archaic notions and sexual stereotypes and cannot survive rational analysis” (emphasis added).
The second prong of the attack on the statute argues that when read together, subdivision 3 of section 130.35 and section 130.05 (subd 3, par [a]) of the Penal Law deprive the defendant of due process of law. Subdivision 1 of section 130.05 of the Penal Law states: "Whether or not specifically stated, it is an element of every offense defined in this article, [art 130] except the offense of consensual sodomy, that the sexual act was committed without the consent of the victim.” (Emphasis added.)
However, section 130.05 (subd 3, par [a]) of the Penal Law further provides that: "A person is deemed incapable of consent when he is: (a) less than seventeen years old” (emphasis added) and section 130.05 (subd 2, par [b]) of the Penal Law *608 provides that "Lack of consent results from * * * (b) Incapacity to consent”.
Section 130.05 (subd 2, par [b]) and section 130.05 (subd 3, par [a]) of the Penal Law, when read in conjunction with the article 130 substantive offenses, provide what is commonly known as the crime of "statutory rape”. Defendant, however, characterizes section 130.05 (subd 3, par [a]) as being an "irrebuttable presumption as to an element of a crime ,” and then, having so characterized it, protests that it deprives the defendant of his "fundamental right to have every element of the crime charged established by proof beyond a reasonable doubt.” (Emphasis original.)
While the People have not directly responded to the second of defendant’s arguments, the court will treat such issue first.
1. THE LEGAL EFFECT OF SECTION 130.05 (SUBD 3, PAR [a]) OF THE PENAL LAW
Section 1.05 of the Penal Law states the general purposes of the Penal Law as enacted in 1965 and effective in 1967. Those purposes include, inter alia:
"1. To proscribe conduct which unjustifiably and inexcusably causes or threatens substantial harm to individual or public interests;
"2. To give fair warning of the nature of the conduct proscribed * * *
"3. To define the act or omission and the accompanying mental state which constitute each offense;
"4. To differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties therefore”.
It is also firmly recognized that "States have always had the right and power to regulate sexual conduct in order to promote the health, safety and morals of their inhabitants” (People v Rice, 87 Misc 2d 257, 258). In working towards the 1965 Penal Law revision the following comment appeared in the Commission Staff Notes prepared for the New York Legislature in 1964.
"135.05 [now § 130.05] Sex Offenses; lack of consent.
"This section is new. It contains in the one section a basic element common to all sex offenses * * * i.e., lack of consent. Subdivision 3 sets forth the instances in which the.law deems *609 a person incapable of consenting to a sexual act” (emphasis added).
The proposed revision lowered the "age of consent” from 18 years (former Penal Law, §§ 2010, 690) to 17 years of age and the commission stated: "At best, fixing the statutory age of consent in sexual matters is a difficult decision, but, when considered within the framework of modern American culture, seventeen is a more realistic age of consent than eighteen.” (Proposed NY Penal Law, Temporary State Comm on Revision of the Penal Law & Criminal Code, Comm Staff Notes, p 342.)
Following the passage of the 1965 Penal Law revision the Commission Staff Comments recognized that under the current subdivision 3 of section 15.20 "knowledge by the defendant of the age of such child is not an element of any such offense and it is not * * * a defense to a prosecution that the defendant did not know the age of the child” (emphasis added).
By our statutes then, the first legal "statutory rape” of which the youngest male may be convicted is proscribed in subdivision 1 of section 130.35 of the Penal Law, wherein a male is guilty of rape in the first degree if he is at least 16 years old or more (Penal Law, § 30.00, subd 1) and has sexual intercourse with a female less than 11; a truly consenting 10-year-old female would occasion a rape first degree charge against a 16-year-old male lover should "sexual intercourse” be achieved. The "statutory rape” provisions of both subdivision 2 of section 130.25 and section 130.05 (subd 3, par [a]) of the Penal Law would operate as a matter of law to negate such "true” consent as the law views a female of less than 17 as being incapable as a matter of law of consenting to sexual intercourse and section 130.35 of the Penal Law aggravates the crime if the female is under 11 years. (Cf. People v Fielding, 39 NY2d 607, 611.) "Since in all statutory rape cases * * * the girl’s attitude toward the act is not an element of the crime, no proof need be offered of her non-consent.” (Note, Forcible and Statutory Rape: An Exploration of the Operation and Objectives of the Consent Standard, 62 Yale LJ, 55, 64.) Generally, as the age of the female increases and nears 17, the degree of the "statutory rape” lessens. (See Penal Law, §§ 130.30, 130.25.) However, the converse is also true, the younger the female, the higher the degree of crime.
The crime of "statutory rape” was unknown to the early *610 common law. (4 Blackstone’s Comm, p 210 [Lewis ed, 1902].) New York State, however, has recognized such an offense for well over 100 years. (See, generally, People v Stamford, 2 Wheel Cr Cas 152; Singer v People, 13 Hun 418, affd 75 NY 608; Hays v People, 1 Hill 351.)
Defendant argues that since section 130.05 (subd 3, par [a]), by its language "deems” a person incapable of consent if under 17 years of age and McKinney’s Practice Commentaries to section 130.05 states in its analysis that the "incapacity to consent” (§ 130.05, subd 2, par [b]) would be "conclusively established” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.05, p 451) by the condition of being under 17 years of age and section 130.05 (subd 3, par [a]), that such becomes "despite the lack of precise language, an irrebuttable presumption as to an element of a crime”. Having thus termed it an "irrebuttable presumption”, defendant claims that, since it removes the element of consent from the substantive rape count, that it "deprives defendant * * * of his fundamental right to have every element of the crime established by proof beyond a reasonable doubt”. (Emphasis original.)
Richardson on Evidence ([10th ed], § 55) defines a "presumption” as "a rule of law 'which requires that a particular inference must be drawn from an ascertained statement of facts.’ [cites omitted] The inference is mandatory once the 'basic fact,’ the fact which gives rise to the presumption, is established on the trial.” The distinction is made, however, between a "presumption” and a "conclusive presumption”. The latter is "in reality, a rule of substantive law expressed in terms of rules of evidence” (emphasis added); that is, "an inference which, as a matter of law, cannot be rebutted” (Richardson, Evidence [10th ed], § 57).
The effect of section 130.05 (subd 3, par [a]) of the Penal Law is that of statutory law and does not relieve the People of the burden of proving the element of "lack of consent” as stated in subdivision 1 of section 130.05 — for by operation of law, section 130.05 (subd 3, par [a]) is one of the statutory legal definitions of the requirements of subdivision 1 of section 130.05 and as such, lack of the victim’s true consent in circumstances wherein the female victim is less than 17 years of age is not, by law, an element of the substantive crime of rape in the first degree, under subdivision 3 of section 130.35. Indeed, McKinney’s Practice Commentaries to section 130.05 *611 states "Since 'lack of consent’ is the common denominator for all but one of the crimes proscribed in the article [130], subdivisions two and three * * * seek to define it with precision” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.05, p 451, emphasis added).
The "element” which the People obviously must prove, of course, beyond a reasonable doubt is simply the victim’s age being less than 17 years at the time of the alleged rape. Once that is shown, the requirements of subdivision 1 of section 130.05 of the Penal Law are satisfied and the People must show the remaining "elements” of the crime to the same degree of proof.
What the law has recognized is a lack of legal capacity on the part of the victim to consent to such a sexual act. "The 'presumption of non-consent’ * * * does not refer to a presumption in the legal sense. Instead, the phrase refers to the presumption necessarily accompanying the conclusion of rape in those situations where a woman’s actual consent was legally inoperative”. (62 Yale LJ, 55, 62, n 50; cf. People v Easley, 42 NY2d 50.)
The court notes, in passing, the statement by counsel for the defendant that she is "aware of no other provision of the criminal law whereby an element of a N.Y. Penal offense is permitted, still less required to be irrebuttable [sic] presumed” (emphasis original). This court would refer counsel to perhaps a rereading of subdivision 1 of section 30.00 of the Penal Law wherein all persons under the age of 16 years are not criminally responsible for their conduct — i.e., they lack legal capacity as a matter of law to commit any element of any of the numerous Penal Law criminal offenses — what counsel might perhaps term a "negative irrebuttable presumption”.
Accordingly, this court does not find section 130.05 (subd 3, par [a]) in violation of defendant’s right to due process under either Federal or State constitutional guarantees. Indeed, under the alleged factual allegations, the rape victim is a female, 10 years of age, and the statute is well within one of the stated purposes of the Penal Law described above, that is to "proscribe conduct which unjustifiably and inexcusably causes or threatens harm to [an] individual” (Penal Law, § 1.05, subd 1). If the Legislature, in its wisdom, can provide for the legal incapacity of persons under 16 to be criminally responsible for "adult” crimes they may commit, they are *612 surely justified in protecting certain persons from sexual abuse on a similar rationale. (See People v Reilly, 85 Misc 2d 702.)
Defendant’s motion to dismiss the indictment as legally "defective” on this ground is denied.
B. THE CONSTITUTIONALITY OF SUBDIVISION 3 OF SECTION 130.35 OF THE PENAL LAW
Defendant has characterized subdivision 3 of section 130.35 of the Penal Law "as gender based * * * and based on archaic notions and sexual stereotypes”, and not able to "survive rational analysis”. The clause of denial of "equal protection” in the constitutional sense has been previously met on this same issue by this same court in People v Reilly (supra). For the reasons exhaustively and succinctly stated in the Reilly decision, this court denies defendant’s motion to dismiss the instant indictment as being defective and holds that the classification inherent in the rape statute (§ 130.35, subd 3) is a rational and reasonable distinction by the Legislature and such statute is not unconstitutional. This court is not disposed to disregard "physiological reality” in favor of defendant’s cavalier assumption that such a proscription is "archaic” and "grounded in sexual stereotypes”.
Defense counsel’s assertion that "at the age of ten, the average female is proportionally larger, stronger and more mature than the average male” may well be true; however, the Penal Law does not legislate against a 10-year-old boy raping a 10-year-old girl. The 10-year-old boy would not be criminally responsible for his actions. (See Penal Law, § 30.00, subd 1.) The first stage of "rape” reached by the statute (see rape first degree discussion above) would be the 16-year-old male having sexual intercourse with (in the facts of this case) a 10-year-old girl. The court suggests that defense counsel may search high and low and will not find any such "voluminous authority” which would show that the "average” 10-year-old female would be "larger, stronger and more mature” than an average 16-year-old male.
Such a sanction becomes even more rationally necessary as the age difference varies. Here, another allegation in the indictment is that of incest, and the court can only assume that defendant is much older than 17 if he has a 10-year-old daughter. Throughout article 130, the Penal Law makes a *613 viable sociological recognition of social and sexual realities based, inter alia, upon the respective ages of the parties.
[Further material omitted for purposes of publication.]