OPINION OF THE COURT
Patrick J. Cunningham, J.
Defendant moves to dismiss those counts of the indictment herein charging rape in the first degree, attempted rape in the first degree, rape in the third degree, and sexual misconduct, on the ground that the statutes defining such offenses violate defendant’s Fourteenth Amendment rights.
In support of his motion, defendant relies upon the United States Supreme Court’s recent denial of certiorari in the case of Meloon v Helgemoe (564 F2d 602, cert den 436 US 950). In Meloon (supra) the United States Court of Appeals affirmed the grant of a writ of habeas corpus on the ground that the New Hampshire "statutory rape” law under which Meloon was convicted violated the equal protection clause. The New Hampshire statute reads (Criminal Code, § 632:1, subd I, par [c]): "A male who has sexual intercourse with a female not his wife is guilty of a Class A felony if * * * [c] the female is unconscious or less than fifteen years old.”
Calling the quoted statute a "gender-based criminal law”, the court noted that the statute discriminates against males, since "only male perpetrators of the offense are punished and only female victims of the crime are protected” (Meloon, supra, p 603). Although such finding would not automatically render a statute unconstitutional, the court went on to conclude that there was no "fair and substantial relation” between the discriminatory classification reflected in the New Hampshire statute and the stated governmental objectives of that law.
In the case before us, defendant contends that because the New York statutes in question are also "gender-based” they, too, should be held violative of the equal protection clause. In response, the People emphasize that the Meloon holding was explicitly limited to the statute in question and the record before the court, as noted in the concluding paragraph of Chief Judge Coffin’s decision, to wit (supra, p 609): "We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law to be unconstitutional. We have not reflected nor do we intend to question the constitutionality of the laws of other states. We *404 express no opinion as to whether on a different record some other statute would pass constitutional scrutiny.”
The question before us in the present case, then, is whether the New York laws under which defendant was charged are sufficiently distinguishable from that of New Hampshire, and can thereby pass constitutional scrutiny. In making that determination one need look no further than the Meloon decision itself. In a rather lengthy footnote, Chief Judge Coffin distinguished 12 State decisions relied upon by New Hampshire in support of the constitutionality of its law. The court noted that eight of those cases either dealt with forcible rape statutes or involved acts that included the use of force, stating (Meloon, 564 F2d 602, 605, supra): "We emphasize, as did the district court below, that our analysis is predicated on the consensual nature of the crime committed by appellee. * * * [I]t is not unlikely that a court’s reasoning on this issue would be colored by the fact that an actual rape had occurred as opposed to the statutory consensual offense.” (Emphasis supplied.)
At least three of the New York "gender-based” penal statutes under which Davoli is charged deal with nonconsensual acts involving the use of force to some degree. Sexual misconduct is defined as follows (Penal Law, § 130.20): "A person is guilty of sexual misconduct when: 1. Being a male, he engages in sexual intercourse with a female without her consent.” (Emphasis supplied.)
The applicable definition of rape in the first degree reads (Penal Law, § 130.35): "A male is guilty of rape in the first degree when he engages in sexual intercourse with a female; 1. By forcible compulsion.” (Emphasis supplied.)
Neither of these crimes, as charged, deals with an age factor, and both are truly nonconsensual. The same is true of attempted rape in the first degree, as that crime is charged against the defendant.
The court in Meloon v Helgemoe (564 F2d 602, 605, n 4, supra) went on to distinguish an Iowa law which "only punished the sexual act if performed by a male over the age of 25 with a woman under the age of 17”, noting "Not only does this age disparity significantly affect the purposes for which such a statute might be enacted but the high age of the potential female victim lends greater credence to a pregnancy prevention rationale.”
New York’s "statutory rape” laws employ a similar age- *405 differential mechanism. The definition of rape in the third degree, as charged against Davoli, requires that the male be 21 years old or over, and the female less than 17 (Penal Law, § 130.25). This court finds that such age disparity is sufficient to justify the gender classification involved.
The remaining statute challenged by defendant (Penal Law, § 130.20, subd 2) defines sexual misconduct by means of deviate sexual intercourse, and is equally applicable to male or female perpetrators. Not being in any way gender based, that law does not fall within the framework of defendant’s arguments.
Finally, the over-all impression given by the Meloon decision is that it was tailor-made to deal with an ill conceived and particularly heavy-handed statute. That is, the New Hampshire statutory rape offense was designated a class A felony, and this extreme penalty could be exacted even "in the scenario of an adolescent love tryst of a 16 year old boy and a 14 year old girl” (Meloon, supra, p 608). Furthermore, that statute was repealed in 1975, which fact was known to the United States Court of Appeals. It is interesting to note that two United States Supreme Court Justices dissented from denial of certiorari, stating that they would have reversed the lower court’s decision "notwithstanding the new statute”. Apparently, then, denial of certiorari was primarily based upon the fact that the subject statute had been repealed three years earlier, which certainly tends to lessen the significance of the Supreme Court’s action.
For the above reasons, then, defendant’s motion to dismiss on constitutional grounds is hereby denied in all respects.