*979 OPINION OF THE COURT
John J. Walsh, J.
The defendant is presently under indictment for the offense of rape in the second degree, and endangering the welfare of a child. The alleged victim is an 11-year-old female.
MOTION TO DISMISS
The defendant moves to dismiss the indictment on the grounds that the statute is unconstitutional under the equal protection clause of the Fourteenth Amendment and section 11 of article I of the New York State Constitution.
Rape in the second degree (Penal Law, § 130.30) is defined as follows: "A male is guilty of rape in the second degree when, being eighteen years old or more, he engages in sexual intercourse with a female less than fourteen years old.” The defendant argues that this statute denies him the equal protection under the law because it is limited to males who have sexual intercourse with females under the age of 14 years, and therefore discriminates against such males. There is no contention here that force or compulsion was employed and it is assumed that any act of sexual intercourse was with the full consent of the parties.
 In applying the equal protection clause, it has been consistently recognized that such clause does not deny the States the power to treat different classes of persons in different ways as long as the classification is reasonable. (People v Reilly, 85 Misc 2d 702, 705, upholding the constitutionality of the rape first degree statute of New York.)
In Carey v Population Servs. Int. (431 US 678), in which the United States Supreme Court declared a New York Statute prohibiting the distribution of contraceptives to persons under the age of 16 unconstitutional, Justice Powell, in a concurring opinion, wrote supra, pp 706-707):
"New York has exercised its responsibility over minors in areas falling within the 'cluster of constitutionally protected choices’ relating to sex and marriage. Ante, at 685. It has set an age limitation below which persons cannot marry without parental consent, N. Y. Dom. Rel. Law §§ 15, 15-a (McKinney 1964 and Supp. 1976-1977), and has established by statute the age at which a minor is legally recognized as having the capacity to consent to sexual activity, Penal Law § 130.05 (3) (a) (McKinney 1975). See also Penal Law §§ 130.25, 130.30, *980 130.35 (McKinney 1975). These provisions highlight the State’s concern that its juvenile citizens generally lack the maturity and understanding necessary to make decisions concerning marriage and sexual relationships.
"Until today, I would not have thought it was even arguably necessary to review state regulation of this sort under a standard that for all practical purposes approaches the 'compelling state interest’ standard. At issue in Ginsberg v. New York, supra, for example, was the question of the constitutionality on its face of a New York criminal obscenity statute which prohibited the sale to minors of material defined to be obscene on the basis of its appeal to them whether or not it would be obscene to adults. The Court recognized that the State has an interest "to protect the welfare of children” and to see that they are "safeguarded from abuses” which might prevent their "growth into free and independent well-developed men and citizens.” ’ 390 U. S., at 640-641, quoting Prince v. Massachusetts, supra, at 165. Consequently, the 'only question remaining’ in that case was 'whether the New York Legislature might rationally conclude, as it has, that exposure to the materials proscribed by [the statute] constitutes such an "abuse.” ’ 390 U. S., at 641. Similarly, the relevant question in any case where state laws impinge on the freedom of action of young people in sexual matters is whether the restriction rationally serves valid state interests.”
A statutory classification which reasonably furthers a State policy based on a valid distinction between the sexes, will be upheld. (Kahn v Shevin, 416 US 351.) That only a female may be raped is a physiological reality, and the object of the statute is to protect them from that eventuality. It would be a strange development in law to hold that a female may be forcibly raped and the male perpetrator cannot be punished.
In People v Reilly (85 Misc 2d 702, supra) the constitutionality of the statute defining rape in the first degree by forcible compulsion was sustained against the claim that rape is a masculine crime, and only a female can be the victim of the crime. "[T]he protection of females from rape is a legitimate and essential legislative objective. Since only males can physiologically perpetrate that crime, then the limitation fo culpability to males constitutes a rational classification directly related to the objective of the criminal penalty.” (Reilly, supra, pp 707-708.)
The manifest purpose of the statutory rape legislation is to *981 protect the morals of young girls. (People v Marks, 146 App Div 11.) The State has an interest in protecting young girls even from their own immature indiscretions. The Supreme Court of Wisconsin (Flores v State, 69 Wis 2d 509, 510-511) in upholding a similar statutory rape statute wrote: "One obvious, adequate justification for focusing upon sexual intercourse between males and minor females is the possibility of pregnancy. Moreover, the legislature could rationally have concluded that the danger of sexual exploitation by adult males of minor females and the resulting stigma and shame attendant on such activity in our society were so severe that this activity should be specially proscribed in a separate statute.”
The defendant relies upon the case of Meloon v Helgemoe (564 F2d 602, cert den 436 US 950). In that case, the defendant was found guilty, after a jury trial, of statutory rape sexual intercourse with a female, not his wife and under the age of 15 years. On appeal to the New Hampshire Supreme Court, the conviction was affirmed, notwithstanding the contention that it violated the equal protection clause.
Thereafter, the defendant filed a habeas corpus petition with the United States District Court for New Hampshire. That court declared the statute unconstitutional and ordered the defendant released. (Meloon v Helgemoe, 436 F Supp 528.) On appeal to the Circuit Court of Appeals, the District Court order was affirmed. (Meloon v Helgemoe, 564 F2d 602, supra.) As above indicated, certiorari was denied by the United States Supreme Court.
The opinion of this court is that this decision is not binding upon us and that undue importance must not be attached to it. In State v Brothers (384 A2d 402, 406 [Del]) the Delaware Superior Court declined to follow Meloon v Helgemoe (supra) saying that that case "placed an undue burden on the State of New Hampshire to justify the long-standing classification of offenses found in many statutes defining statutory rape.”
The First Circuit Court of Appeals (Meloon v Helgemoe, 564 F2d 602, supra) took the position that the reasons stated by New Hampshire in support of its statute were a mere subterfuge. These reasons (a) to prevent pregnancy, and (b) to prevent physical injury to young girls were not sufficient to save the statute. The court then concluded (supra, p 609): "We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law *982 to be unconstitutional. We have not reflected on nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny.”
The statute (Meloon v Helgemoe, 436 F Supp 528, 529, supra) under which Meloon was convicted created a crime designated as "rape” which was defined as " '[a] male who has sexual intercourse with a female not his wife * * * if * * * the female is unconscious or less than fifteen years old’.” Thereafter, and prior to his appeal to the higher courts, the New Hampshire Legislature repealed that statute and replaced it with a new crime called felonious sexual assault, which is committed if the offender subjects a victim to sexual penetration, and that victim is between the ages of 13 and 16. The Legislature thus combined the former crimes of rape and "deviate sexual relations” into an all inclusive category which avoided the use of the words "male” and "female”. This change might well have caused the United States Supreme Court to view this single case as academic and deny certiorari in Meloon’s case on June 5, 1978. (436 US 950, supra.)
Note the wording of the ruling (Meloon v Helgemoe, 436 US 950, supra): "the chief justice and Mr. Justice Blackmun would grant and reverse summarily notwithstanding the new statute(Emphasis supplied.)
The motion to dismiss the indictment on constitutional grounds is denied.
[Portions of opinion omitted for purposes of publication.]