*497 OPINION OF THE COURT
Bruce G. Dean, J.
Defendant, Tamburai Mndange-Pfupfu (hereinafter referred to as "Pfupfu”), was indicted in 1977 for the crime of rape in the third degree (Penal Law, § 130.25, subd 2), the specification charging defendant with being over 21 years of age and engaging in sexual intercourse with a named female less than 17 years of age.
Defendant, Roy A. MacAfee (hereinafter referred to as "MacAfee”) under an eight count indictment, was indicted in March, 1978, two counts of the indictment charging crimes of rape in the first degree (Penal Law, § 130.35, subd 3), the specification charging defendant with engaging in sexual intercourse with two females who were less than 11 years old.
Just prior to trial and in June, 1978, defendant Pfupfu moved to dismiss the indictment relying upon the denial of certiorari of the United States Supreme Court in the case of Meloon v Helgemoe (564 F2d 602, cert den 436 US 950). Under date of June 21, 1978, defendant MacAfee also moved to dismiss the two counts of the indictment which charged rape in the first degree, relying also on Meloon v Helgemoe. Memoranda of law were received as follows: from defendant on September 14, 1978; from the People on November 1, 1978.
In Meloon v Helgemoe (supra), the United States Court of Appeals affirmed a grant of a writ of habeas corpus of the United States District Court (New Hampshire) (436 F Supp 528) on the ground that the "statutory rape” law, a pre-1975 rape statute, under which Meloon was convicted, violated the equal protection clause of the Fourteenth Amendment.
New Hampshire Criminal Code, section 632.1 — Rape:
"I. A male who has sexual intercourse with a female not his wife is guilty of a class A felony if * * * (subd [c]) the female is unconscious or less than fifteen years old.
"II. Sexual intercourse has its ordinary meaning and occurs upon any penetration, however slight; emission is not required.” (Emphasis supplied.)
The legal issues before the court, on the motions of Pfupfu and MacAfee to dismiss the said counts in the respective indictments are basically the same — the alleged unconstitutional provision of singling out males as the only perpetrators of the crime of rape with only females as the victims, and whether subdivision 2 of section 130.25 and subdivision 3 of *498 section 130.35 of the Penal Law, in so providing, rest upon an invalid gender-based classification which violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, and section 11 of article I of the New York Constitution.
The People assert that Meloon v Helgemoe is bad law, poorly reasoned and unconvincing; that it has been specifically rejected in at least two very recent State decisions: State v Brothers (384 A2d 402 [Del]) and People v McKellar (81 Cal App 3d —, 146 Cal Rptr 327). Defendant argues that the proof of the unconstitutionality of the New Hampshire statute is that New Hampshire changed its sex law in 1975, to make it sexually neutral. The court in People v Davoli (95 Misc 2d 402, 405 [Onondaga County, Cunningham, J.]) makes an interesting comment: "Finally, the over-all impression given by the Meloon decision is that it was tailor-made to deal with an ill conceived and particularly heavy-handed statute. That is, the New Hampshire statutory rape offense was designated a class A felony, and this extreme penalty could be enacted even 'in the scenario of an adolescent love tryst of a 16 year old boy and a 14 year old girl’ (Meloon, supra, p 608).”
In People v Davoli (supra, p 405) the court also referred to the dissent of two United States Supreme Court Justices from the denial of certiorari stating they would have reversed the lower court’s decision "notwithstanding the new statute”.
With respect to the fact situations in the instant motions, Pfupfu is charged with third degree rape in allegedly having sexual intercourse with a female less than 17 years old in his Collegetown apartment. Force is not alleged directly, the allegations stating only, "that complainant was too shocked and upset by the defendant’s behavior to resist effectively”. MacAfee is charged with first degree rape in allegedly having sexual intercourse with his daughter and another female, both under the age of 11 years. Force also is not an issue under this indictment.
The threshold question, in applying Meloon, or any other case authority to the facts and statutes at bar, is the level of scrutiny to be applied to a gender-based classification. The statutes, which are in issue in this case, both define rape as an exclusively male crime, without any concomitant provision for commission by a female. Subdivision 3 of section 130.35 of the Penal Law states: "A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: * * * 3.
*499 Who is less than eleven years old.” Similarly, subdivision 2 of section 130.25 of the Penal Law provides: "A male is guilty of rape in the third degree when: * * * 2. Being twenty-one years old or more, he engages in sexual intercourse with a female less than seventeen years old.”
There appear to be three approaches in the review of legislative classification under the constitutional question of discrimination and equal protection: (1) The "rational basis” test or minimal rationality, which requires some rational and articulable reason. This is the traditional test. (McGowan v Maryland, 366 US 420.) (2) The "strict scrutiny” test which is applied to "suspect” statutes which discriminate on the basis of race, alienage or nationality. To pass constitutional muster under "strict scrutiny”, the statute must be necessary to accomplish some legitimate State objective by the least restrictive means possible. In Craig v Boren (429 US 190), the court reviewed a statute which made it a criminal offense to sell beer to men under 21 but not to females unless under 18. The court held the statute unconstitutional saying that "gender-based” legislation is subject to a "middle tier” approach which brings this legislative classification under "closer scrutiny” than the traditional basis test but does not require the "suspect” classification test.
Although the United States Supreme Court has never spoken with respect to the level of analysis to be applied to statutes of the type which New York presently has concerning statutory rape, it is clear that a higher level of scrutiny is appropriate than the traditional rational basis equal protection test when dealing with gender-based classifications. In Craig v Boren (supra, p 197) the court applied the standard of the court in Reed v Reed (404 US 71) and subsequent cases: "To withstand constitutional challenge, previous cases establish that classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives.” (Emphasis supplied.) In Me-loon v Helgemoe (564 F2d 602, 604, supra) the United States Court of Appeals noted the heightened level of scrutiny which is appropriate to gender-based classifications: "The statute at issue in this case is a classification based on sex. As such it requires more heightened scrutiny than would be applied to completely non-suspect legislation, but less stringent scrutiny than is typically applied to racial classifications, Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Frontiero v. *500 Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). Moreover, since a criminal statute is involved, the standards governing gender classification must be applied with special sensitivity.”
What exactly the Court of Appeals meant by "special sensitivity” is unclear, but it appears to be acceptance of an intermediate level of scrutiny, greater than rational basis and less than strict, adopted by the Supreme Court in Reed v Reed (supra). As previously noted herein, in a footnote to the concurring opinion of Mr. Justice Powell in Craig v Boren (429 US 190, 211, supra): "As has been true of Reed and its progeny, our decision today will be viewed by some as a 'middle-tier’ approach. While I would not endorse that characterization and would not welcome a further subdividing of equal protection analysis, candor compels the recognition that the relatively deferential 'rational basis’ standard of review normally applied takes on a sharper focus when we address a gender-based classification. So much is clear from our recent cases.”
Therefore, to the extent that the "special sensitivity” approach of the court in Meloon v Helgemoe is consistent with the mandate of the Supreme Court in Reed, this court is in agreement with the level of sensitivity applied in that case. And in order to pass constitutional muster, the gender-based classification in the instant case must serve at least one important governmental objective and must be substantially related to the achievement of that objective. (Craig v Boren, 429 US 190, supra; see, also, Frontiero v Richardson, 411 US 677; Schlesinger v Ballard, 419 US 498, applying the "fair and substantial relation” test of Reed v Reed, supra.)
The essential question then, is whether the New York statutes, subdivision 3 of section 130.35 and subdivision 2 of section 130.25 of the Penal Law, serve any important governmental objective, and if so, whether the objectives sought to be achieved are fairly and substantially related to the gender-based classification which the statutes employ. In addressing the issue of the constitutionality of the first degree rape statute (Penal Law, § 130.35, subd 1) in People v Reilly (85 Misc 2d 702, 707-708), the court held:
"In the opinion of this court, the protection of females from rape is a legitimate and essential legislative objective. Since only males can physiologically perpetrate that crime, then the limitation of culpability to males constitutes a rational classifi *501 cation directly related to the objective of the criminal penalty. Clearly, the usual sordid state of facts in a rape situation rationally justify the sex classification by singling out males in the statute * * *
"The equality of the sexes expresses a societal goal, and not a physical metamorphosis [citation omitted]. While the classification herein is made on the basis of sex, and while this court is loathe to condone the continuance of sexual discrimination, the court concludes that the classification bears a fair, reasonable and substantial relationship to the object of the rape statute. All persons similarly classified are treated alike, and the statute does not violate the Equal Protection Clause of either the New York or United States Constitutions.” (See, also, People v Wheeler, 50 AD2d 1089.)
While the issue confronting the court in People v Reilly (supra) involved forcible rape, the same court was also faced with the constitutionality of subdivision 3 of section 130.35, the same statutory provision as at bar, in the case of People v Fauntleroy (94 Misc 2d 606). The court again upheld the constitutionality of subdivision 3 of section 130.35 against an equal protection attack incorporating the opinion set forth in People v Reilly (supra). While this court would not go so far as to say that females are physiologically incapable of committing the crime of rape, the touchstone of the governmental justification lies in the social malfeasance which the statute was originally directed to cure. If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied. As stated in West Coast Hotel Co. v Parrish (300 US 379, 400), the Legislature is free to recognize degrees of harm and it may confine its restriction to those classes of causes where the need is deemed to be clearest.
When the New York Legislature passed subdivision 3 of section 130.35 and subdivision 2 of section 130.25 it presumably intended to prevent older males from sexually pursuing young, psychologically dependent females. There was no reason to believe, nor is there now, that a social malady exists with respect to older women sexually pursuing young males, especially within the age differentials established by the Legislature. It is interesting to note that the rape statute which was declared unconstitutional in Meloon v Helgemoe, had been amended by the New Hampshire Legislature, prior to the disposition of the case, removing the gender-based distinc *502 tion and thereby giving inspiration to the United States Court of Appeals.
However, while a rational basis exists upon which to draw a distinction between males and females under New York’s statutory scheme, there must be jiistifiable governmental objectives which the legislation fosters under Reed v Reed (404 US 71, supra). There are four basic arguments which contain plausible governmental objectives under these circumstances (analogous arguments were raised by the State of New Hampshire in Meloon v Helgemoe, 564 F2d 602, 605, supra): (1) under subdivision 3 of section 130.35 of New York’s Penal Law, a male under 11, and similarly a male under 17 pursuant to subdivision 2 of section 130.25, is not physiologically capable of becoming a victim of this offense; therefore, the class of victims vulnerable to women offenders is small in comparison to the class vulnerable to male offenders; (2) adult males, due to a psychosocial disorder call "pedophilia” are more likely to commit the offense than adult women, in which case the class of male offenders is larger than the class of potential women offenders; (3) that female children are more likely to suffer psychological and physical damage during the commission of the offense than are male children, placing the former in greater danger; and (4) female victims may become pregnant, again placing them in a more precarious position than the class of male victims as concerns potential damage.
Clearly, the first objective may not be tenable as concerns subdivision 2 of section 130.25 because males between the ages of 12 and 16 have reached the physiological maturity which enables them to reach penetration. And, even though the age limit under subdivision 3 of section 130.35 is 11 years old, in which case it is reasonable to assume that a boy under 11 probably could not commit the offense, this may not be sufficient justification for classification of the gender-based classification. Nor is the second objective, pedophilia, sufficient by itself because, as noted earlier, the fact that males commit the offense more frequently than females provides only a rational basis for the legislation, not a sufficient governmental objective upon which to base the gender distinction.
However, contrary to the holding in Meloon v Helgemoe (supra), this court is of the opinion that the third objective, protecting females from physical and psychological damage, is a sufficient governmental objective under Reed v Reed to support the constitutionality of subdivision 3 of section 130.35 *503 when viewed in conjunction with the fact that males are more likely to commit the offense against females (i.e., objectives two and three together as sufficient). And, in addition, that the forth enumerated objective, to protect females from getting pregnant, is sufficient to sustain the constitutionality of subdivision 2 of section 130.25 under Reed.
It is difficult to establish the intent of the Legislature in passing either of these rape statutes, but it is reasonable to assume that the prevention of pregnancy was an objective of subdivision 2 of section 130.25, the statute having an age limit of 17, thereby protecting potentially fertile females from approximately ages 12 to 16. And, further, the constitutionality of subdivision 3 of section 130.35 may be premised upon the objective of preventing psychological and physical damages to females under age 11.
In applying the pregnancy prevention rationale to sustain the constitutionality of a California statutory rape provision (age limit 18), under the Reed standard, the court in People v MCKellar (81 Cal App 3d —, —, supra, 146 Cal Rptr 327, 331) stated: "most of the problems encountered by the female when pregnant do not accrue to the male, minor or adult, who engages in sexual intercourse. The sexes are not similarly situated; therefore, the argument of appellant, ante, that males receive unconstitutional unequal treatment for the reason stated lacks merit. * * * Today’s newspapers, almost daily, contain stories of the problems to society caused by the many pregnant unmarried minor females. The selection of the female age factor is clearly for the Legislature. [Citation omitted.] We conclude [the statute] represents a proper exercise of the Legislature’s police power and the classification is reasonable and bears a genuine and substantial relationship to the object of the legislation.”
The reasons given by the McKellar court in applying this higher level standard of analysis were based upon another case (Matter of J. D. G., 498 SW2d 786 [Mo]), which used the rational basis test.
The court in Meloon v Helgemoe (564 F2d 602, 605, n 4, supra), distinguished an Iowa law "which only punished the sexual act if performed by a male over the age of 25 with a woman under the age of 17” stating that "the high age of the potential female victim lends greater credence to a pregnancy prevention rationale.” As applied to the statute and indictment of Pfupfu, the age disparity would be sufficient to justify *504 the gender classification involved. (People v Davoli, 95 Misc 2d 402, 405, supra.)
In State v Brothers (384 A2d 402, 405, supra), the court points out that rape and statutory rape statutes have come under equal protection attack in many jurisdictions in recent years. Citing numerous case authority, the court says (p 405): "It is apparent that in almost every instance the distinctions made in the statutes have been upheld”. The Delaware Court also referred to the court in Meloon as applying the "strict scrutiny” test to the statute, and with respect to the pregnancy rationale of Meloon: "It was almost as if the Court was requiring the legislature to build into its statutory scheme a definition of how far was too far and how much was enough”. (State v Brothers, supra, p 406.)
In conclusion, for the reasons stated herein, the court finds that subdivision 2 of section 130.25 and subdivision 3 of section 130.35 of the Penal Law are not in violation of the equal protection clause of the State or Federal Constitutions and are constitutional. Both statutes contain a gender-based classification which serves governmental objectives, with classification substantially related to the achievement of those objectives.
Motions of said defendants are denied in all respects.
Submit order.