THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTIE OTIS WHIDDEN, JR., Appellant.

Third Department, December 27, 1979

## APPEARANCES OF COUNSEL

*John S. Hall* for appellant.

*Thomas Mercure, District Attorney,* for respondent.

## OPINION OF THE COURT

SWEENEY, J.

Defendant was charged in a seven-count indictment with three counts of rape in the second degree (Penal Law,

§ 130.30), three counts of rape in the third degree (Penal Law, § 130.25, subd 2) and one count of unlawful dealing with a child (Penal Law, § 260.20, subd 4). After his motion to dismiss the first six counts of the indictment based on the unconstitutionality of section 130.30 and subdivision 2 of section 130.25 of the Penal Law was denied, defendant pleaded guilty to two counts of rape in the third degree (Penal Law, § 130.25) in full satisfaction of the indictment. This appeal ensued.

No factual issues are presented on this appeal. Section 130.30 of the Penal Law provides that "[a] male is guilty of rape in the second degree when, being eighteen years old or more, he engages in sexual intercourse with a female less than fourteen years old." Pursuant to subdivision 2 of section 130.25 of the Penal Law, "[a] male is guilty of rape in the third degree when: * * * 2. Being twenty-one years old or more, he engages in sexual intercourse with a female less than seventeen years old." The clear objective of these statutes is to protect young girls from the physical and psychological injuries likely to occur as a result of commission of these offenses.

Defendant contends that the statutes are violative of the equal protection clauses of the State and Federal Constitutions since only males can be convicted of these crimes. It is argued that such gender-based classifications lack sufficient justification to withstand an equal protection inquiry and are, therefore, unconstitutional. He relies principally on *Meloon v Helgemoe* (564 F2d 602, cert den 436 US 950), which invalidated a similar New Hampshire statute.

The *Meloon* case precipitated a flurry of unsuccessful challenges to the New York statutory rape statutes *(People v Mndange-Pfupfu,* 97 Misc 2d 496; *People v Smith,* 97 Misc 2d 115; *People v Prainito,* 97 Misc 2d 66; *People v Weidiger,* 96 Misc 2d 978). While we agree with the result reached in each of these cases, none appear, from our research, to have reached an appellate court. Concerning the *Meloon* case, we would note that the statute therein declared unconstitutional had been amended, prior to the disposition of the case, so as to remove the gender-based distinction. It is also noteworthy that a violation of the statutory rape statute considered in *Meloon* could occur even "in the scenario of an adolescent love tryst of a 16 year old boy and a 14 year old girl" *(Meloon v Helgemoe, supra,* p 608).

In order to withstand equal protection scrutiny, classifica-

tions by gender must serve important governmental objectives and also must be substantially related to achievement of such objectives *(Califano v Webster,* 430 US 313; *Craig v Boren,* 429 US 190, 197). We should also give great deference to legislative judgments concerning problems with which the State is confronted, and particularly to those involving the health, welfare and morale of infants.

The court in *Meloon* was concerned with a New Hampshire statute and its decision is not binding on this court. We are unable to accept the reasoning adopted therein. Furthermore, the United States Court of Appeals for the First Circuit, which decided the *Meloon* case, more recently upheld a Maine statutory rape statute, concluding that prevention of physical injury to young females was the principal reason motivating the legislation and the classification embodied in the statute was substantially related to achievement of this objective *(Rundlett v Oliver,* 607 F2d 495). In our view, the statutes in question were enacted in order to protect young females from physical and psychological injuries. Empirically, we are aware that there are greater incidents of female victims. Young female victims are more prone to physical injury than males. Significantly, only the female can become pregnant with possible physical and psychological problems resulting.

It is the opinion of this court that the gender-based classifications contained in the statutes in question herein serve important governmental objectives concerning uniquely female concerns and they are substantially related to the achievement of those objectives. Consequently, we conclude that section 130.30 and subdivision 2 of section 130.25 of the Penal Law are not unconstitutional as violative of the equal protection clauses of the State and Federal Constitutions.

The judgment should be affirmed.

MAHONEY, P. J., GREENBLOTT, KANE and STALEY, JR., JJ., concur.

Judgment affirmed.