Luis RODRIGUEZ, Petitioner,

v.

David R. HARRIS, Respondent.

No. 80 Civ. 3112.

United States District Court,
S. D. New York.

July 31, 1980.

Luis Rodriguez, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for respondent; Cobby J. Shereff, Deputy Asst. Atty. Gen., New York City, Frederic Lieberman, Legal Asst. of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, appearing *pro se*, is now confined in the Greenhaven Correctional Facility serving terms of imprisonment of up to seven years for the crimes of attempted rape in the first degree and attempted sodomy in the first degree to run concurrently, imposed pursuant to a judgment of conviction entered after a jury trial. He seeks his release by way of federal habeas corpus charging alleged violation of his federal constitutional rights.

Petitioner, relying upon *Jackson v. Commonwealth of Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), contends that no rational fact finder could have found the essential elements of each crime beyond a reasonable doubt. Perforce this contention requires a close study of the record. After a word-by-word reading of the trial testimony, the Court finds petitioner's contention without merit. No purpose would be served by setting forth the sordid

details of the crimes of which he was convicted. The witnesses, whose testimony had to be evaluated by the jury, included petitioner's own thirteen year old daughter, the victim of his crimes, and his nine year old son who was present in the apartment and who responded to his sister's call for help but was ordered by petitioner out of the room where the assault took place "before I hit you." In addition to the foregoing testimony, also received in evidence was the robe that the daughter had worn during the assault and with which she had wiped herself immediately thereafter. Upon analysis at the police laboratory, it was found to contain spermatazoa. The defendant did not testify.

The indictment charged petitioner with rape in the first degree and sodomy in the first degree. The trial judge, however, submitted to the jury for its determination a reduced charge of an attempt to commit each crime. Upon the testimony of the victim, the corroborative testimony of the witness and the circumstantial evidence of the robe, the jury had abundant evidence upon which to make a determination as to the essential elements of each crime, and as rational triers of the fact could readily find guilt beyond a reasonable doubt.

█ The petitioner next contends that the rape statute is constitutionally infirm because it denies petitioner, as a male, equal protection of the laws. Section 130.35 of New York's Penal Law in pertinent part provides:

A male is guilty of rape in the first degree when he engages in sexual intercourse with a female:

1. by forcible compulsion.

Petitioner argues that since rape is defined as a crime that can only be perpetrated by a male and in which the victim is always female, such classification on the basis of sex contravenes his right to the equal protection of the law. The New York courts, applying the proper standards in evaluating the statute,[1] have upheld its constitutionality.[2] This Court is in accord with the essential reasoning set forth in those cases and holds that the statute is constitutional.

*Meloon v. Helgemoe*[3] does not require a different result. There the First Circuit Court of Appeals had under consideration New Hampshire's "statutory rape" law which made it a crime for a male to have sexual intercourse with a consenting female under the age of fifteen while it was not a crime for a woman to have sexual intercourse with a male under fifteen years of age. Since the statute contained a classification based on sex, the court was of the view that it required "more heightened scrutiny than would be applied to completely non-suspect legislation, but less stringent scrutiny than is typically applied to racial classifications."[4] After comment upon various Supreme Court rulings reflecting standards which it found "hardly precise" or somewhat "unclear," the Court opined "we must decide the constitutionality of the New Hampshire statute under a test that to some indeterminate extent requires more of a connection between classification and governmental objective than that of the minimal rationality standard."[5] Accordingly, the court concluded that the "four reasons" advanced by the state were inadequate justifications for the classification. However, the court cautioned as to the limited effect of its decision:

We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape

---

1. *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). *See also Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Califano v. Webster*, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977).

2. *See People v. Smith*, 97 Misc.2d 115, 411 N.Y.S.2d 146 (Albany Co. Ct. 1978); *People v. Fauntleroy*, 94 Misc.2d 606, 405 N.Y.S.2d 931, 934–35 (Westchester Co. Ct. 1978); *People v. Reilly*, 85 Misc.2d 702, 381 N.Y.S.2d 732, 738 (Westchester Co. Ct. 1976).

3. 564 F.2d 602 (1st Cir. 1977), *cert. denied*, 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978).

4. *Id.* at 604.

5. *Id.* at 604.

law to be unconstitutional. We have not reflected on nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny.[6]

The court also emphasized "that our analysis is predicated on *the consensual nature of the crime* committed by appellee. . . . It is not unlikely that a court's reasoning on this issue would be colored by the fact that an actual rape had occurred as opposed to the statutory consensual offense."[7]

Subsequent to the *Meloon* ruling one New York State court found that the New Hampshire statute was distinguishable from the New York statute.[8] The court, in a careful analysis of the two statutes, pointed out substantial differences, particularly the non-consensual aspect of New York's law which makes the use of force an element of the crime; accordingly, the court held that although gender based, the statute was constitutional. This Court agrees that *Meloon* is distinguishable and that New York's law is not unreasonably discriminatory and meets the test of constitutionality.[9] Moreover, it is significant that New York's Appellate Division has recently expressly rejected the rationale of *Meloon* and upheld New York's statutory rape statute which was substantially similar to the one at issue before the First Circuit.[10]

■ Petitioner's final contention is that the indictment (1) failed adequately to inform him of the nature of the charge against him in violation of the Sixth Amendment of the federal Constitution and (2) did not sufficiently spell out the crime so as to remove the possibility of a further prosecution for the same crime in violation of the double jeopardy clause. These claims are without substance and merit little discussion. Prior to or at the time of the trial no motion was made challenging the indictment upon the grounds here urged to void the judgment of conviction.[11] Under New York law, the failure to do so constitutes a waiver of the alleged claim.[12] Petitioner's failure to comply with the state's procedural requirement that he challenge the indictment prior to or at trial constitutes an independent and adequate state ground which bars granting relief absent a showing of cause for noncompliance and actual prejudice.[13] There has been no such showing. Entirely apart from the foregoing, it appears that petitioner has not adequately presented this claim to the state court which also would bar relief.[14] The petition for a writ of habeas corpus is dismissed.

So ordered.

---

**6.** *Id.* at 609. Indeed, after deciding *Meloon*, the First Circuit, in *Rundlett v. Oliver*, 607 F.2d 495 (1st Cir. 1979), distinguished the former opinion and upheld the constitutionality of Maine's statutory rape statute which was substantially similar to that involved in *Meloon*.

**7.** *Id.* at 605 n. 4 (emphasis supplied).

**8.** *People v. Davoli*, 95 Misc.2d 402, 407 N.Y. S.2d 432 (Onondaga Co. Ct. 1978).

**9.** *See Green v. Wyrick*, 462 F.Supp. 357, 361–62 (W.D.Mo.1978) (distinguishing *Meloon* on similar grounds vis-a-vis Missouri's forcible rape statute).

**10.** *People v. Whidden*, 71 A.D.2d 367, 423 N.Y. S.2d 512 (3d Dep't 1979).

**11.** Nor did petitioner move to obtain a bill of particulars which is authorized by statute. N.Y.C.P.L. § 200.90.

**12.** *People v. Iannone*, 45 N.Y.2d 589, 601, 412 N.Y.S.2d 110, 118, 384 N.E.2d 656, 664 (1978). See N.Y.C.P.L. §§ 210.20 and 255.20.

**13.** *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 538–42, 96 S.Ct. 1708, 1710–1711, 48 L.Ed.2d 149 (1976).

**14.** *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).