OPINION OF THE COURT
John R. LaCava, J.
This is a motion for declaratory judgment brought by defendant subsequent to the commencement of trial. Herein he seeks to have paragraph (a) of subdivision (3) of section 130.05 of the Penal Law declared unconstitutional pursuant to the US and NY Constitutions.
Among other offenses in this 49-count indictment, defendant is charged with 34 counts of sodomy in the third degree in violation of Penal Law § 130.40 (2) and two counts of rape in the third degree in violation of Penal Law § 130.25 (2). They are otherwise known as the statutory sodomy and statutory rape statutes. They proscribe the following conduct:
"§ 130.40 Sodomy in the third degree.
"A person is guilty of sodomy in the third degree when * * *
*975 "2. Being twenty-one years old or more, he engages in deviate sexual intercourse with a person less than seventeen years old.”
Subdivision (2) of section 130.00 of the Penal Law entitled "Sex offenses; definitions of terms” defines "deviate sexual intercourse” as "sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva.”
"§ 130.25 Rape in the third degree.
"A person is guilty of rape in the third degree when * * *
"2. Being twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old.”
Section 130.05 (1) of the Penal Law provides: "Whether or not specifically stated, it is an element of every offense defined in this article, except the offense of consensual sodomy, that the sexual act was committed without consent of the victim.” The challenged paragraph of subdivision (3) of section 130.05 of the Penal Law provides:
"A person is deemed incapable of consent when he is:
"(a) less than seventeen years old”.
Defendant asserts that the challenged section restricts one’s constitutional right of privacy, and creates an irrebuttable presumption which conclusively establishes a fact necessary for conviction in violation of the Due Process Clauses of the US and NY Constitutions. Paragraphs (b), (c) and (d) of subdivision (3) of section 130.05 of the Penal Law focus upon whether mental defect, mental incapacitation, or physical helplessness results in an inability to consent. The challenged paragraph, however, creates an irrebuttable presumption in violation of due process that those under age 17 cannot consent. Defendant argues that the irrebuttable presumption of lack of consent, which the trier of fact is required to accept regardless of proof to the contrary, unconstitutionally presumes an element of the crime which the People would otherwise be under an obligation to prove by proof beyond a reasonable doubt.
Defendant further argues that the presumption interferes with the right to privacy of those under 17 years of age to be free from governmental interference in the areas of marriage, procreation, family relationships, child-rearing and education. Unlike other areas in which the government may restrict a *976 minor’s constitutional rights, defendant argues that a minor cannot be so restricted in the constitutionally protected privacy area.
Standing to challenge the constitutionality of Penal Law § 130.05 (3) (a) is asserted on the grounds that since it is only defendant’s conduct which is deemed criminal, those under 17 do not have a forum in which to assert their privacy rights.
In opposition to the motion, the People have raised three threshold issues: timeliness of the motion, defendant’s ability to obtain declaratory relief, and standing. Additionally, they have addressed the issue on the merits.
THRESHOLD ISSUES
A. Timeliness of Motion
The court will not summarily deny the motion on the grounds that it is tardy (see, CPL 255.20). In reaching this determination the court has considered the following: the issues raised concern the constitutionality of a statute upon which the defendant is being prosecuted; the ultimate relief sought is not the dismissal of the related charges but rather, a legal instruction to the jury that the presumption is a rebuttable one; the issues raised can be disposed of without a hearing, thereby avoiding any unnecessary delay in the trial proceedings; and, there is no assertion by the People that the tardiness of the motion has prejudiced them.
B. Availability of Declaratory Relief
The People correctly assert that declaratory relief is not available to a person against whom a criminal action is pending (see, Matter of Morgenthau v Erlbaum, 59 NY2d 143; Kelly’s Rental v City of New York, 44 NY2d 700). Here, however, defendant seeks to have a statute under which he is being prosecuted declared unconstitutional. When such a motion is made before the court presiding over the underlying trial, it is in all respects proper.
C. Standing
 Defendant asserts that, on privacy grounds, standing exists since there is no forum in which those under 17 years of age can challenge the statute. This is so since it is only his conduct which is deemed criminal. The People contend that a defendant-victim relationship, standing alone, is an insufficient basis upon which to grant standing. The court agrees. Failing to have asserted more (see, Griswold v Connecticut, *977 381 US 479 [1965] [professional and aiding-and-abetting relationship]; Eisenstadt v Baird, 405 US 438 [1972] [lecturer and potential distributees of contraceptives]; Barrows v Jackson, 346 US 249 [1953] [enforcement of a racially restrictive covenant challenged by vendor]), defendant has not met his burden of establishing standing on the basis of the privacy rights of the minor. He does, however, have standing to challenge the constitutionality of the statute on due process grounds. In spite of the defendant’s failure to establish standing on privacy grounds, the court will address the merits of all issues presented.
MERITS OF THE MOTION
Defendant asserts that a minor has the same privacy rights as those possessed by an adult. Referring to freedom of speech, the privilege against compulsory self-incrimination, right to counsel, and a host of other constitutional protections, defendant presents a vast array of constitutional guarantees. He places emphasis on one’s constitutional right of procreative choice and private consensual sexual activity. However, his premise that a minor has the same privacy rights as an adult is basically flawed. While it is true that most rights accorded adults are also granted to minors, there are areas where the State’s interest in protecting its youth has resulted in a limitation on those rights. Minors are treated differently under the Penal Law and are restricted with respect to labor and other areas of adult activity. It has long been recognized that the State has the authority to regulate the sexual conduct of its minors by setting age limits to establish whether the individual is sufficiently mature to make intelligent and informed decisions and to consent to certain activities (see, People v Dozier, 52 NY2d 781; Michael M. v Sonoma County Superior Ct., 450 US 464, 472, n 8). With respect to constitutional guarantees, "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults” (Prince v Massachusetts, 321 US 158, 170; Ginsberg v New York, 390 US 629).
Defendant contends that decisions affecting procreation should be left to the discretion of each individual. Even minors, it is argued, should be granted this fundamental right. In People v Dozier (supra), however, the Court of Appeals affirmed the State’s power to limit the procreative activity of minors by establishing the statutory age limit. A central goal *978 of the State was the protection of these minors from the consequences of such activity, pregnancy. Sufficient basis for the State’s action was found in the State’s interest in countering the adverse consequences of sexual intercourse, even if consented to by the minor. This was considered a significant State interest.
In the instant case, there is ample State interest in preventing the kind of activity restricted by the statute. To promote the health, safety, and morals of its individuals, States have been allowed wide discretion (Bowers v Hardwick, 478 US 186). An extremely important concern of the government is the sexual exploitation and abuse of children (New York v Ferber, 458 US 747, 757). In Carey v Population Serv. Intl. (431 US 678 [1977]), the court noted that restraining the sale of contraceptives to minors would have little or no effect on sexual activity. In fact, it may enhance the prospects of contracting a disease or becoming pregnant. Here, however, no such positive side can be found were the statute stricken. Moreover, the court notes that the criminal consequences of violating the statutory age limit under present law deter sexual contact between older more sophisticated adults, and often naive minors. Although it has been held that psychological injury alone does not justify the imposition of such an age limitation (People v Whidden, 51 NY2d 457), by condoning such activity other serious harm may result. Besides being an open invitation to further sexual activity, including sexual intercourse and the resultant complications, it is proper for the State to consider the prospects of transmission of venereal disease, especially the HIV virus, trauma and permanent damage which may be caused to physical structures such as the anus, and the exploitation and sexual abuse of our youth.
Based upon the foregoing, the court concludes that there exists compelling State interest in protecting its youth. The court, therefore, will not declare the challenged statute unconstitutional on privacy grounds.
Defendant’s second argument is that the statutory presumption unconstitutionally removes the element of consent from the related crimes. Therefore, it deprives the defendant of his right to have the People prove each element of the crime beyond a reasonable doubt.
The court finds this argument to be without merit. In so doing the court notes that this very issue was decided in People v Fauntleroy (94 Misc 2d 606) in which the court *979 upheld the statute, in part, on the following reasoning. An irrebuttable or conclusive presumption is a rule of law which requires that a particular inference must be drawn from certain ascertained facts. It cannot be rebutted. Such a presumption is equivalent to a substantive rule of law expressed in terms of rules of evidence (see, Richardson, Evidence §§ 55, 57 [Prince 10th ed]; People v Robinson, 97 Misc 2d 47; People v Fauntleroy, supra). Section 130.05 (3) (a) of the Penal Law is, therefore, a statutory legal definition. Lack of true consent of those under 17 is not an element of the substantive crime. Once the People prove beyond a reasonable doubt that the victim’s age was less than 17 at the time of the alleged offense, the requirements of Penal Law § 130.05 (1) are satisfied, i.e., they have established lack of consent. The remaining "elements” of the crime must then be proved by the same degree of proof (People v Fauntleroy, supra).
Similarly, this court will not disturb the Legislature’s determination that actual consent of those under age 17 is legally inoperative.
Thus the defendant’s arguments with respect to the alleged unconstitutionality of the statute are found to be without merit.
The court, therefore, declares Penal Law § 130.05 (3) (a) constitutional, for the reasons stated herein. Defendant’s motion is denied.